IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

SHERRI MARSHALL,                          *
                                          *
        Plaintiff,                        *
                                          *        Civil No. TMD 13-1585
        v.                                *
                                          *
                                          *
CAROLYN W. COLVIN,                        *
Acting Commissioner of Social Security,   *
                                          *
        Defendant.                        *
                          ************

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Sherri Marshall ("Plaintiff")[1] seeks judicial review under 42 U.S.C. §§ 405(g) and

1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the

"Commissioner") denying her application for Supplemental Security Income ("SSI") under Title

XVI of the Social Security Act.  Before the Court are Plaintiff's Motion for Summary Judgment

(ECF No. 16) and Defendant's Motion for Summary Judgment (ECF No. 18).[2]  Plaintiff

contends that the administrative record does not contain substantial evidence to support the

Commissioner's decision that she is not disabled.  No hearing is necessary.  L.R. 105.6.  For the

reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 18) is **GRANTED**,

---

[1] Although Plaintiff filed her Complaint as "Sheila Marshall" (ECF No. 1), the administrative
record and her Motion for Summary Judgment reflect her name as "Sherri Marshall."

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as
a procedural means to place the district court in position to fulfill its appellate function, not as a
device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards."
*Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002).  For example, "the denial of summary
judgment accompanied by a remand to the Commissioner results in a judgment under sentence
four of 42 U.S.C. § 405(g), which is immediately appealable."  *Id.*

Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**, and the Commissioner's decision is **AFFIRMED**.

# I

## Background

Plaintiff was born in 1960, has a tenth-grade education, and previously worked as a maintenance worker, sandwich maker, and caregiver.  R. at 22-23, 189.  Plaintiff applied for SSI on May 17, 2009, alleging disability beginning on May 8, 2009, due to a broken right ankle.  R. at 12, 155-57, 185.  The Commissioner denied Plaintiff's application initially and again on reconsideration; consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  R. at 78-86.  After a hearing on May 3, 2011, was continued (R. at 28-31), ALJ C.J. Sturek held a hearing in Washington, D.C., on June 29, 2011, at which Plaintiff and a vocational expert ("VE") testified.  R. at 32-63.  On January 11, 2012, the ALJ held a supplemental hearing where Plaintiff and another VE testified.  R. at 64-77.  On February 9, 2012, the ALJ issued a decision finding Plaintiff not disabled since the application date of May 17, 2009.  R. at 9-27.  Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on March 28, 2013.  R. at 1-4, 7.  The ALJ's decision thus became the final decision of the Commissioner.  *See* 20 C.F.R. § 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On May 31, 2013, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case subsequently was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

## Summary of Evidence

### A.    Opinion Evidence

On September 21, 2011, Vaul Phillips, M.D., conducted a consultative physical examination of Plaintiff.  R. at 298-312.  Dr. Phillips opined:

> In my opinion, [Plaintiff] can sit for 8 hours per 8 hour day with a 15 minute break every 4 hours to stand and stretch.  She can stand for 120 minutes at a time for a total of 4 hours per 8 hour day, and walk for 60 minutes at a time for a total of 3 hours per 8 hour day.  She can exert 20 to 50 pounds of force occasionally, and/or 10 to 25 pounds of force frequently, and/or greater than negligible up to 10 pounds of force constantly to move objects.  In addition, she should be able to lift and carry approximately 10 pounds, continuously and 20 pounds, occasionally.

R. at 311; *see* R. at 16, 19-20.

On September 30, 2011, Alla Taller, M.D., conducted a consultative psychiatric examination of Plaintiff.  R. at 16, 20, 313-17.  Dr. Taller's diagnoses included adjustment disorder with depressed mood due to a chronic stressor, learning disorder not otherwise specified, and rule out mood disorder secondary to a general medical condition.  R. at 315.  Dr. Taller reported that Plaintiff's "capacity for understanding was preserved; her sustained concentration and short-term memory were diminished."  R. at 315.  "Her social interaction was notable for some irritability and superficial engagement in the interview process."  R. at 315.  Dr. Taller stated that Plaintiff "was able to understand and follow simple instructions independently."  R. at 316.

### B.    Plaintiff's Testimony

In his decision, the ALJ reviewed Plaintiff's allegations:

> [Plaintiff] stated and testified at the hearing [which is supported by a third party report] and reported in a Function Report, dated January 19, 2010, [R. at 233-41], that she has obesity, residuals of fracture of the right ankle, adjustment disorder with depression, and learning disorder, and that she has, from the date of alleged

3

onset, been able to do the following: lift 50 pounds, sit for a long period of time, without having any problems, does dishes, does household duties [does the laundry], can bend from the waist and touch her toes, can bend while she is standing, can push and pull with arms and hands, without having any problems, can reach overhead, can climb stairs, normally[] cooks[,] watches television, reads, attends religious services, and socializes with family. [Plaintiff] also has no limitations in pushing or pulling with her arms and hands, or her legs.

R. at 20-21; *see* R. at 35-58.

## C.    VE Testimony

Plaintiff's past work as a maintenance worker is heavy and unskilled; her past work as a sandwich maker is medium and unskilled; and her past work as a caregiver is medium and semi-skilled.[3]  R. at 71-72.  At the supplemental hearing on January 11, 2012, the VE testified that unskilled jobs consistent with the limitations outlined in Dr. Phillips's opinion (R. at 298-312) include packer and packaging worker and grading and sorting worker at the light exertional level and small-parts inserter and finish machine operator at the sedentary exertional level (R. at 72-74).[4]  The VE further testified that an "individual would be limited to unskilled work, work which would be one or two steps without frequent changes in job duties" if the individual were moderately limited in the ability to carry out detailed instructions, to maintain attention and concentration for extended periods, to interact appropriately with the general public, to keep up a pace, and to respond appropriately to changes in the work setting.  R. at 75.  Such limitations

---

[3] "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds."  20 C.F.R. § 416.967(d).  "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  *Id.* § 416.967(c).

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 416.967(b).  "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.*  "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."  *Id.* § 416.967(a).

would not affect the availability of the light and sedentary jobs adduced.  R. at 75.  If Plaintiff's testimony were fully credible, however, there would be no full-time work that she could perform. R. at 75-76.

## III

## Summary of ALJ's Decision

On February 9, 2012, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the application date of May 17, 2009; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was unable to perform her past relevant work; but (5) could perform other work in the national economy, such as a packer, grader, small-parts inspector, or finish operator.  R. at 15-24.  The ALJ accordingly found that she was not disabled since May 17, 2009.  R. at 24.

In so finding, the ALJ found that Plaintiff had the RFC

to perform less than a full range of light work, as defined in 20 CFR 404.1567(b) and 416.967(b), based on the following limitations.  [Plaintiff] can lift 10 pounds frequently and 20 pounds on an occasional basis; stand (with normal breaks) for at least 4 hours out of an 8-hour day; and walk for 3 hours per 8-hour day. [Plaintiff] can sit for 8 hours per day, but requires a break every 4 hours to stand and stretch.  On an occasional basis, [Plaintiff] is able to balance, stoop, kneel, crouch, crawl, and climb stairs and ramps.  [Plaintiff] should avoid climbing ladders or scaffolds.  There is less than an occasional limitation in the ability to: [1] carry out detailed instructions, [2] maintain concentration and attention for extended periods, [3] interact appropriately with the general public, and [4] respond appropriately to changes in the work settings.

R. at 17-18 (footnote omitted).  The ALJ considered Plaintiff's credibility and found that her "medically[]determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence, and limiting effects

of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment." R. at 18.

## IV

### Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-380 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[5]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R.

---

[5] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

§§ 404.1545(a)(1), 416.945(a)(1).   The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."   20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).   The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.   *See id.*   If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.   *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience.   *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy.   *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).   If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled.   If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.   20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

# V

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

# VI

## Discussion

Plaintiff asserts that the ALJ erroneously relied upon the VE's January 2012 testimony because none of the VE's proffered occupations can be performed by an individual limited to the performance of work involving one or two steps.  Pl.'s Mem. Supp. Mot. Summ J. 3-6, ECF No. 16-1.  According to Plaintiff, the light-level jobs presented by the VE require a general educational development reasoning level of two under the *Dictionary of Occupational Titles* (the "DOT"),[6] while jobs involving one- and two-step instructions are only classified at a reasoning level of one.  *Id.* at 5.[7]

According to Appendix C of the DOT, 1991 WL 688702, level two reasoning skills are defined as the skills to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions.  Deal with problems involving a few concrete variables in or from standardized situations."  Level one reasoning skills are defined as the skills to "[a]pply commonsense understanding to carry out simple one- or two-step instructions.  Deal with standardized situations with occasional or no variables in or from these situations encountered on the job."  *See Hernandez v. Astrue*, No. 1:09-CV-1805 SKO, 2010 WL 5113103, at *4 (E.D. Cal. Dec. 9, 2010).  "[R]easoning levels of two are consistent with limitations to simple instructions and routine tasks."  *Davis v. Comm'r of Soc. Sec.*, Civil No. SAG-11-2779, 2013 WL 153594, at

---

[6] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. § 416.966(d)(1). "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption." *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

[7] The parties agree that the light-level job identified by the VE as a packer and packaging worker is actually listed in the DOT as a routing clerk.

*2 (D. Md. Jan. 14, 2013); *see Snider v. Colvin*, Civil Action No. 7:12CV539, 2014 WL 793151, at *8 (W.D. Va. Feb. 26, 2014) ("[A] reasoning level of two is not inconsistent with tasks that [involve] following short, simple instructions." (citing *Meissl v. Barnhart*, 403 F. Supp. 2d 981, 984 (C.D. Cal. 2005))); *Sparks v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-12-3352, 2013 WL 5178131, at *2 (D. Md. Sept. 12, 2013); *Dillon v. Astrue*, Civil Action No. TMD 08-2597, 2011 WL 337334, at *5 (D. Md. Jan. 31, 2011) (performance of jobs with reasoning level of two is not inconsistent with limitation to simple, routine, repetitive tasks); *accord Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (holding that "level-two reasoning appears more consistent with claimant's RFC" to "simple and routine work tasks"); *Lee v. Astrue*, No. 1:08CV-01505 GSA, 2010 WL 653980, at *11 (E.D. Cal. Feb. 19, 2010) ("[T]he reasoning levels for two of the three jobs identified by the VE—hand packager and cleaner—both involve level two reasoning and are not in conflict with the ALJ's limitation to simple one and two step directions." (citing *Meissl*, 403 F. Supp. 2d at 984)).  A limitation to work involving one or two steps thus does not conflict with the light-level jobs identified by the VE with a reasoning level of two. Accordingly, because substantial evidence supports the ALJ's determination at step five of the sequential evaluation process, Plaintiff's assertion is unavailing.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards in this case.  Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's decision is **AFFIRMED**.

**VII**

**<u>Conclusion</u>**

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 18) is

**GRANTED**.   Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**.   The

Commissioner's decision is **AFFIRMED**.  A separate order shall issue.


Date: November 12, 2014                         _____/s/_____
                                                                Thomas M. DiGirolamo
                                                                United States Magistrate Judge